

JUL 2 6 2016

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

BANK OF AMERICA,

Plaintiff,

vs.

JAMES E. CLARKE,

Defendant

Case: 1:16-cv-01525
Assigned To : Mehta, Amit P.
Assign. Date : 7/26/2016
Description: Pro Se Gen. Civil

**NOTICE OF REMOVAL**

COMES NOW, Defendant James E. Clarke, (collectively, the "Defendant"), and file this their Joint Notice of Removal, and in support thereof would show unto the Court the following:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.
2. Plaintiff filed their Complaint on or about July, 2016, in the Superior Court for the District of Columbia Landlord Tenant Branch Case No. 16-16559.
3. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A" and incorporated herein by reference.
4. The Plaintiffs Bank of America, is a Bank with its principal place of business in Charlotte, North Carolina. Bank of America lost it's Charter and is no longer a Nationally Chartered Bank as alleged on their web site.
5. The amount in controversy in this action exceeds $75,000 based upon the relief requested. Plaintiff ask the court "[f]or a writ of restitution without properly perfecting service on Defendant James E. Clark.

6. The value of the loan, as stated in the legal forensic auditors report is $1,235,000.00. The last appraisal conducted indicates that the home is valued at well in excess of $75,000. A copy of the securitization audit is attached as Exhibit "B". Consequently, the value of the home is certainly in excess of the $75,000 requirement. See Mapp v. Deutsche Bank Nat'l Trust Co, 2009 U.S. Dist. LEXIS 100912 at *3 (M.D. Ala., Oct. 28, 2009 (where the court found that the 'amount in controversy was the value of the real estate, at least $120,500, as established unambiguously by the note and mortgage, copies of which were included in the removal documents."). A copy of the Deed of Trust is attached hereto and marked as Exhibit "G" and incorporated herein by reference.

7. Moreover, the Plaintiffs claims are in violation of the False Claims Act, Real Estate Settlement and procedures Act, Fraud, and failure to give proper notice.

8. The Defendants further allege that the Plaintiff will not be irreparably injured or harmed by being enjoined from conducting wrongful and unlawful eviction based on new discovered information. See Exhibit "C".

9. This Honorable Court must take Judicial Notice of Exhibit "C" that establish Plaintiff is not entitled to relief because they have committed and admitted to wrongdoing and are liable to Defendants. Plaintiff cannot not use this Honorable Court to obtain a remedy because their hands are "**UNCLEAN**".

10. The Summonses were issued to Defendants on July, 2016. .

11. Defendant James E. Clarke lives in the Back Unit which is separate from the main house and receive his mail at the back entrance. Because one of the Defendants were never served with the Complaint. Thus, removal in this matte is timely pursuant to 28 U.S.C. §1446.

12. By filing this Notice of Removal, Defendants does not waive their right to object to service, of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses.

Additionally, Defendants expressly reserve the right to have the claims asserted herein resolved solely through arbitration.

13. This Court has supplemental jurisdiction over all other claims asserted by Defendant in accordance with 28 U.S.C. §§ 1367 and 1441.

14. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of their position that this cause was properly removed based on newly discovered evidence and Plaintiff admitting to fraudulent mortgages and misleading investors.  Bank of America has agreed to pay a $5billion civil penalty to settle claims under the Financial Institutions Reform and Recovery Enforcement Act (FIRREA) a federal law introduced after the loan crisis in the 1980s.

**WHEREFORE PREMISES CONSIDERED**, Defendants pray that this Court assume full jurisdiction over these proceedings as provided for by law and take Judicial Notice of Plaintiff's fraud.

This, the 26th day of July, 2015

Respectfully submitted this 26th day of July, 2016

JAMES E. CLARK

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by regular first class mail postage pre-paid at this address:

Joseph J. Patry
600 New Hampshire Ave NW
Washington, DC 20037

JAMES E. CLARKE, PRO SE

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

BANK OF AMERICA,

Plaintiff,

vs.

JAMES E. CLARKE,

Defendant

Case No.: 16-16559

**DEFENDANTS ANSWERS, AFFIRMATIVE DEFENSES, MOTION FOR SANCTION AND COUNTERCLAIM**

NOW COMES the Defendant, James E. Clarke ("Defendant"), and in response states as follows:

1. Defendant has insufficient information with which to admit or deny the allegations found in paragraph 1 and demands strict proof therein.
2. Defendant denies the allegations of paragraph 2.
3. Defendant denies the allegations of paragraph 3.
4. WHEREFORE Defendant James E. Clark respectfully requests that this Court dismiss this action with prejudice with Plaintiff to bear costs of all parties, and other just and equitable relief this Court deems appropriate.

**FACTUAL ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

5. Defendant James E. Clarke have lived at 5721 Potomac Ave (Property) since 2007.
6. Defendant Clarke re-pleads those allegations set forth above in Paragraphs 1 – 5.

AFFIRMATIVE DEFENSE

7. Defendant further answers Plaintiff's Complaint and reserves (1) its right to amend or supplement its response to Plaintiff's Complaint as information is gathered through discovery; and (2) the right to rely upon the following affirmative defenses to the extent supported by the evidence developed, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff.

FIRST AFFIRMATIVE

8. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted. They are not the Owners of the property.

SECOND AFFIRMATIVE DEFENSE

(UNCLEAN HANDS)

9. Plaintiff has unclean hands in this matter after wrongfully denying Defendants his First Rights of Refusal, and by submitting false documents into the court.

10. Bank of America's unclean hands act as a bar to Plaintiff seeking the equitable remedy for possession.

THIRD AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred because Plaintiff's alleged injuries were caused by other events, conditions, instrumentalities, and./or acts or omissions of BWW Law Group whom Bank of America controlled.

FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages allegedly sustained.

## FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff claims are barred by the Uniform Commercial Code.

## COUNTERCLAIMS FOR FIVE MILLION DOLLARS

NOW COMES Plaintiff James E. Clarke, ("Defendant Clarke"), to state the following claims against Defendant Bank of America, N.A. as follows:

## NATURE OF ACTION

14. Defendant Clarke challenges Plaintiff's intentional failure to offer him his First Rights of Refusal (TOPA). Defendants Clarke has the funds to match the offer, but the Plaintiff's continue to submit fraudulent documents, and never could produce proof of ownership. Bank of America is not the owner of this property and cannot show proof of ownership.

## COUNT I

15. Defendant Clarke re-pleads those allegations set forth above in paragraphs 1 – 9.

WHEREFORE Defendant James E. Clarke respectfully requests that this Court dismiss this action with prejudice with Plaintiff to bear costs of all parties, and other just and equitable relief this Court deems appropriate.

James E. Clarke, PRO SE

# EXHIBIT "A"

# COPY OF  COMPLAINT

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION**
**LANDLORD AND TENANT BRANCH**
**510 4th STREET, N.W., Building B, Room #110, Washington, D.C. 20001 Telephone (202) 879-4879 www.dccourts.gov**

**Case No. LTB** 16-16559

Bank of America, N.A.
Plaintiff(s)

vs.

James Clarke, Paul Maucha, Roderick Blair, Daughter of Paul Maucha, All Occupants of
Defendant(s)

7105 Corporate Drive
Address (No post office boxes)

Plano TX 75024
City State Zip Code

(202) 772-5940 (Counsel)
Phone Number

5721 Potomac Avenue NW
Address

Washington, D.C. 20016
Zip Code

Phone Number (*if known*)

## SUMMONS TO APPEAR IN COURT AND NOTICE OF HEARING -- FORM 1S

YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR ON July 27, 2016 AT 9:00 A.M. PROMPTLY, in the Landlord and Tenant Courtroom, Room 109, Bldg. B, 510 4th Street, NW.
Between E and F Streets, N.W., Judiciary Square Red Line Metro stop ◆ Wheelchair accessible entrance located on F Street side of building

1. You are being sued for possession of the premises you occupy.
2. This paper is a Summons in a lawsuit seeking your eviction.
3. The Complaint attached to this Summons states the grounds for possession claimed by the Plaintiff. If the Complaint is not attached, a copy is available in the Landlord and Tenant Clerk's Office at 510 4th Street, Building B, Room #110.
4. If you, or your attorney, do not appear on the date and time listed above, a default judgment may be entered against you giving Plaintiff the right to evict you from the premises without any further court hearings.
5. **Court employees are not permitted to give advice on legal questions.**

**Notice to Occupant(s) Not Named on the Summons:** If you live on the premises and wish to remain, you must come to Court **even if you are not named as a Defendant on the Summons or Complaint.**

**PLEASE SEE THE BACK OF THIS FORM FOR IMPORTANT INFORMATION ABOUT THE COURT PROCESS. IF YOU HAVE ANY ADDITIONAL QUESTIONS ABOUT THE SUMMONS AND COMPLAINT, OR YOUR RIGHTS AND RESPONSIBILITIES, PLEASE CONSULT AN ATTORNEY PROMPTLY.**

## CITATORIO DE COMPARENCIA AL TRIBUNAL Y AVISO DE AUDIENCIA

POR MEDIO DE LA PRESENTE SE LE EXIGE Y ORDENA QUE COMPAREZCA EL July 27, 2016 A LAS 9:00 A.M. PUNTUALMENTE a la Sala de Arrendadores e Inquilinos, 510 4th Street, NW. Edificio B.
Entre las Calles E y F, N.W., paradero de Metro, Judiciary Square, línea roja ◆ Entrada accesible para silla de ruedas por la Calle F.

1. Se le demanda por transferencia de la tenencia de la propiedad en que habita.
2. Este escrito es un citatorio de una demanda para su desalojamiento.
3. La demanda adjunta a este citatorio declara la base del demandante para la tenencia que pide. Si la demanda no está adjunta, hay una copia disponible en la oficina de la Secretaría de Arrendador e Inquilino en la 510 4th Street, NW, Edificio B #110.
4. Si usted o su abogado no comparecen a la hora y en la fecha indicadas, se podría emitir un fallo en su contra por incomparecencia, permitiendo así que el demandante lo desaloje del lugar sin necesitarse audiencias posteriores.
5. **Al personal del tribunal no se les permite asesorar en cuestiones jurídicas.**

**Advertencia a los inquilinos no nombrados en la demanda:** Si usted vive en la propiedad y desea permanecer ahí pero no ha sido mencionado como inquilino, debe presentarse al Tribunal **aun si no es nombrado como demandado en la convocatoria o demanda.**

**VEA AL DORSO DE ESTE FORMULARIO: INFORMACIÓN IMPORTANTE SOBRE EL PROCESO JUDICIAL. SI TIENE MÁS PREGUNTAS SOBRE EL CITATORIO Y LA DEMANDA O SOBRE SUS DERECHOS Y DEBERES, CONSÚLTELE A UN ABOGADO PRONTO.**

Joseph J. Patry 502340
Plaintiff/Plaintiff's Attorney Unified Bar No.

600 New Hampshire Ave., NW, Wash., DC 20037
Address Zip Code

(202) 772-5940 jpatry@BlankRome.com
Phone No. Email Address (required only for attorneys)

CLERK OF THE COURT

Costs of this suit to date are $ 69.45
Costas a la fecha

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction 번역을 원하시면, (202) 879-4828 로 전화주십시요
Để có một bài dịch, hãy gọi (202) 879-4828 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION**
**LANDLORD AND TENANT BRANCH**
**510 4th STREET, N.W., Building B, Room #110, Washington, D.C. 20001 Telephone (202) 879-4879**

**Case No. LTB** 16LTB16559

| Bank of America, N.A. | vs. | Paul Maucha<br>James Clarke<br>Roderick Blair<br>Daughter of Paul Maucha<br>All Occupants of 5721 Potomac Avenue NW, 20016 |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |
| 7105 Corporate Drive | | 5721 Potomac Avenue NW |
| Address (No post office boxes) | | Address |
| Plano TX 75024 | | Washington, D.C. 20016 |
| City State Zip Code | | Zip Code |
| (202) 772-5940 (Counsel) | | |
| Phone Number | | Phone Number (*if known*) |

## VERIFIED COMPLAINT FOR POSSESSION OF REAL PROPERTY -- FORM 1B
### (Violation of Obligations of Tenancy or Other Grounds for Eviction – Residential Property)

**DISTRICT OF COLUMBIA, ss:**

1. I, Joseph J. Patry, Blank Rome, LLP, 600 New Hampshire Avenue NW, Washington, DC 20037, 202-772-5940 (*name, address, and phone #*), swear or affirm, under penalties of perjury, that I have knowledge of the facts set forth in this Complaint and that I am: ☐ Plaintiff, **or** X Plaintiff's attorney, **or** ☐ Plaintiff's agent authorized to make this verification and my relationship to Plaintiff is (*explain, and if Plaintiff is a corporation, include your title*) ____________________.

2. Plaintiff X is the Landlord or Owner, **or** ☐ has been appointed Personal Representative of the Estate in case no. ________________ and is authorized to take possession of the property, **or** ☐ is not the Landlord, Owner, or Personal Representative but has the right to demand possession because (*explain*) ________________.

3. Plaintiff seeks possession of property located at 5721 Potomac Avenue NW, Washington, DC 20016. Property is in possession of Defendant, who holds it without right. Plaintiff seeks possession of property because:
   A. X Defendant is a tenant who failed to vacate the property after expiration of a properly served written ☐ Notice to Vacate **or** ☐ Notice to Correct or Vacate **or** X Notice to Quit. (*Attach copy of Notice and affidavit of service of the Notice.*)
      1) Content of the Notice:
         X All of the facts stated in the attached Notice were true at the time the Notice was served, **or**
         ☐ Plaintiff relies only on the following facts in the attached Notice, which were true at the time the Notice was served: (*specify*) ________________.
      2) Complete only in cases alleging violations of obligations of tenancy:
         a. Defendant's conduct set forth in the Notice violates: (*select one or both*)

136045.55832/102499166V.1

**X** The following paragraph number(s) or provision(s) of the written lease: On September 20, 2007, Mr. Maucha, Mr. Blair and Ms. Valda Crowder all executed a Lease Agreement for Single Family Homes, Townhouses or Condominiums or Cooperatives (the "Lease"). Plaintiff is the current housing provider. Defendants have been holdover tenants since the Lease expired on September 20, 2008. Defendants have violated Section 25 of the Lease, because Defendants remain in possession after notice that Plaintiff terminated the Lease on April 18, 2016 which required Defendants to vacate the Property by May 18, 2016. Plaintiff sent notice of the termination by first class mail and hand delivery pursuant to Section 30 of the Lease and also served a separate Notice to Quit on June 26, 2016; **and/or**

☐ Title 14 of the District of Columbia Municipal Regulations (D.C. Housing Code). Cite section _______________ of Title 14, or describe conduct _______________
_______________________________________________
_______________________________________________.

b. Defendant's conduct set forth in the Notice occurred within six months before service of the Notice: **X** yes ☐ no

c. Check and complete **one** of the following:

**X** Of the violation(s) listed in the Notice, Defendant failed to correct/cure the following violation(s) by the deadline set forth in the Notice: Defendants have not vacated the Property after Plaintiff informed Defendants that the Lease has been terminated and provided thirty days' notice for Defendants to vacate the Property effective April 18, 2016, and after service of a Notice to Quit on June 26, 2016.
_______________________________________________
_______________________________________________
_______________________________________________.

☐ Defendant has no right to correct/cure the violation(s) because (*federally subsidized housing only*): _______________________________________________
_______________________________________________.

# NOTICE TO DEFENDANTS

Please note that you should have received with this Complaint an additional form entitled "**Summons to Appear in Court and Notice of Hearing.**" If you did not receive the Summons, *immediately* call the Landlord-Tenant Clerk's Office at 202-879-4879 to learn what date you are required to appear in Court to respond to this Complaint.

# AVISO A LOS DEMANDADOS

Sírvanse tomar nota, que junto con la Demanda, deben haber recibido un formulario adicional, titulado "**Citatorio para Comparecer en el Juzgado y Aviso de Audiencia**". Si no recibió el Citatorio, llame *inmediatamente* a la Secretaría de Actas de Arrendadores e Inquilinos, al 202-879-4879 para enterarse de la fecha en que tiene que comparecer ante el Juzgado para contestar esta Demanda.

**Case No. LTB** ____________________

B. ☐ For the following reason(s):

- ☐ Defendant is maintaining a drug haven as defined by D.C. Code § 42-3602.
- ☐ Defendant is not a tenant and has no legal right to occupy the premises.
- ☐ Defendant is a terminated cooperative member holding over after expiration of a Notice to Quit pursuant to D.C. Code § 42-3203.
- ☐ Defendant is a foreclosed homeowner holding over after expiration of a Notice to Quit pursuant to D.C. Code § 42-3203 and D.C. Code § 42-522.
- ☐ Defendant is a terminated employee and has no legal right to occupy the premises.
- ☐ Other reason: *(explain fully)* ____________________

Notice to quit: ☐ is not required, **or** ☐ has been served as required by law. (*Attach copy of notice and affidavit of service of the Notice.*)

4. Rent for the property of which Plaintiff seeks possession is subsidized by the federal or local government? ☐ yes **X** no

If the rent is subsidized, answer all of the following:

What amount of rent, if any, is due from the tenant per month? $__________

What amount of rent, if any, is due from the subsidy program per month? $__________

Is the rent amount alleged due for any month listed in the complaint over and above the tenant's portion of the rent for that month? ☐ yes ☐ no

Has the subsidy program failed to pay its portion of the rent for any of the months at issue in this case? ☐ yes ☐ no

Therefore, Plaintiff asks the Court for: (*check all that apply*)

**X** Judgment for possession of the property described with no right to redeem the tenancy (non-redeemable judgment) and costs taxed by the Clerk.

☐ A protective order requiring that all future rent be paid into the Court Registry until the case is decided.

Subscribed & sworn to before me this 5th day of July, 2016

[signature] 4-14-21

Notary Public — My Commission expires

[signature] 7-5-16

Plaintiff/Plaintiff's Attorney/Plaintiff's Agent — Date

Attorney

Title of Person Signing (*if any*)

AGNES ... NOTARY PUBLIC ... DISTRICT OF COLUMBIA ... EXP. 4-14-21

**Important Note to Parties:** Court of Appeals Rule 49, Superior Court Rule of Civil Procedure 101, and Landlord and Tenant Rule 9 prohibit the unauthorized practice of law. Any person who is not a lawyer in good standing in the District of Columbia should be aware that he or she could be engaging in the unauthorized practice of law if he or she acts on behalf of another in the Landlord and Tenant Branch for any purpose other than to request a continuance.

Joseph J. Patry, Esq. — 502340
Plaintiff/Plaintiff's Attorney — Unified Bar No.
Blank Rome LLP 600 New Hampshire Avenue NW 20037
Address — Zip Code
202-772-5940 JPatry@BlankRome.com
Phone No. — Email Address (required only for attorneys)

CLERK OF THE COURT

SUPERIOR COURT DISTRICT OF COLUMBIA

Costs of this suit to date are $69.45

Para pedir una traducción, llame al (202) 879-4828 如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ 번역을 원하시면, (202) 879-4828 로 전화주십시요

136045.55832/102499166V.1

# NOTICE TO DEFENDANTS

Please note that you should have received with this Complaint an additional form entitled "**Summons to Appear in Court and Notice of Hearing**." If you did not receive the Summons, *immediately* call the Landlord-Tenant Clerk's Office at 202-879-4879 to learn what date you are required to appear in Court to respond to this Complaint.

# AVISO A LOS DEMANDADOS

Sírvanse tomar nota, que junto con la Demanda, deben haber recibido un formulario adicional, titulado "**Citatorio para Comparecer en el Juzgado y Aviso de Audiencia**". Si no recibió el Citatorio, llame *inmediatamente* a la Secretaría de Actas de Arrendadores e Inquilinos, al 202-879-4879 para enterarse de la fecha en que tiene que comparecer ante el Juzgado para contestar esta Demanda.



BLANK ROME LLP
COUNSELORS AT LAW

Phone: (202) 772-5940
Fax: (202) 572-1429
Email: JPatry@BlankRome.com

June 24, 2016

*VIA CERTIFIED MAIL, FIRST CLASS MAIL AND PERSONAL SERVICE*

**NOTICE TO QUIT EFFECTIVE FIVE DAYS FROM SERVICE OF THIS NOTICE UPON TENANTS OR UPON THE PROPERTY WHICHEVER IS EARLIER**

Mr. Paul Maucha
5721 Potomac Avenue NW
Washington, DC 20016

Mr. James Clarke
5721 Potomac Avenue NW
Washington, DC 20016

Mr. Roderick Blair
5721 Potomac Avenue NW
Washington, DC 20016

Daughter of Mr. Paul Maucha
5721 Potomac Avenue NW
Washington, DC 20016

All Occupants
5721 Potomac Avenue NW
Washington, DC 20016

**Re: Five Day Notice to Quit**

Dear Ms. Maucha, Messers Maucha, Clark and Blair:

This firm represents Bank of America, N.A. ("BANA"). BANA is the current housing provider. On behalf of BANA, we present you with this Five Day Notice to Quit.

On September 20, 2007, Mr. Maucha and Mr. Blair and Ms. Valda Crowder all executed a Lease Agreement for Single Family Homes, Townhouses or Condominiums or Cooperatives (the "Lease"). BANA is the current housing provider. Pursuant to D.C. Code Ann. § 42-3202 (West), Tenants have violated Section 25 of the Lease, because Tenants remain in possession after notice that BANA terminated the Lease. On April 18, 2016, BANA sent, by hand delivery and first class mail, a notice that BANA was terminating the lease effective thirty days from April 18, 2016. A copy of this letter, along with proof of delivery, is attached as Exhibit A.

**Tenants are hereby notified that, effective five days from service of this Notice upon Tenants or upon 5721 Potomac Avenue NW, Washington, DC 20016 (the "Property"),**

Watergate 600 New Hampshire Avenue NW Washington, DC 20037
www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington
136045.55832/102586364v.1



**whichever is earlier, Tenants are required to vacate the Property.**

Pursuant to 14 DCMR § 4302.6, this Notice certifies that Tenants have been provided with an opportunity to purchase the Property pursuant to D.C. Code §§ 42-3401.01 *et seq.*, and failed to exercise their rights to purchase the Property. A copy of this notice is being furnished to the Rent Administrator of the District of Columbia, at the address below. We have also included the phone number for the Rent Administrator.

Very truly yours,

Joseph J. Patry

cc (by certified mail, first class mail, and personal service):

District of Columbia Department of Housing and Community Development
Housing Regulation Administration – Rental Accommodations Division
1800 Martin Luther King Jr. Avenue SE, 2nd Floor
Washington, DC 20020
(202) 442-9505

# Ex. A



BLANK ROME LLP
COUNSELORS AT LAW

*Phone:* *(202) 772-5940*
*Fax:* *(202) 572-1429*
*Email:* *JPotry@BlankRome.com*

April 18, 2016

*VIA COURIER DELIVERY AND FIRST CLASS MAIL*

<u>TERMINATION OF LEASE NOTICE</u>

<u>EFFECTIVE THIRTY DAYS FROM APRIL 18, 2016</u>

Mr. Paul Maucha
5721 Potomac Avenue NW
Washington, DC 20016

Mr. James Clarke
5721 Potomac Avenue NW
Washington, DC 20016

Mr. Roderick Blair
5721 Potomac Avenue NW
Washington, DC 20016

Daughter of Mr. Paul Maucha
5721 Potomac Avenue NW
Washington, DC 20016

Re: **Termination of Lease Agreement Executed September 20, 2007 Between Valda R. Crowder, Paul Maucha and Roderick Blair For Lease of 5721 Potomac Avenue NW, Washington, DC 20016 (the "Property")**

Dear Ms. Maucha, Messers Maucha, Clark and Blair:

This firm represents Bank of America, N.A. ("BANA"). BANA is the current housing provider.

On September 20, 2007, Mr. Maucha and Mr. Blair (the "Tenants") Ms. Valda Crowder (the "Landlord") all executed a Lease Agreement for Single Family Homes, Townhouses or Condominiums or Cooperatives (the "Lease"). A copy of the Lease is attached as Exhibit A. Pursuant to the Lease, Messers Maucha, Blair and Clark were to reside at the Property, along with Mr. Maucha's Daughter (who is not named) (collectively, Mr. Maucha, Mr. Blair, Mr. Clark and Mr. Maucha's daughter are the "Occupants"). *See* Ex. A at § 5. As the housing provider, BANA is the successor Landlord.

The Lease commenced on October 1, 2007 and expired on September 30, 2008;

Watergate 600 New Hampshire Avenue NW Washington, DC 20037
www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington

136045.55832/102142799v.1



BLANK ROME LLP
COUNSELORS AT LAW

April 18, 2016
Page 2

> THIS LEASE, made September 20, 2007 between Valda R. Crowder [illegible] (as Agent for Landlord) (hereinafter referred to as "Landlord" or "Landlord/Agent") and Roderick Blair and Paul Maucke (hereinafter referred to as "Tenant"). WITNESSETH, that the Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises known as 5721 [illegible] Ave NW Washington DC, for the term of 3yrs beginning on the first day of October 2007 and ending on the last day of September 2010 at a total rent of $ [illegible], payable in equal monthly installments of $ 1,000.00 in advance on the first day of each and every month ("Rent Due Date") of said lease term. The "Rent Due Date" is intended to fall within the lease term. If this Lease commences on a day other than the first of the month, the amount of rent to be paid for the balance of said first month will be apportioned pro rata; thereafter rent will be paid on the first day of the month as aforesaid. Tenant agrees to pay rent payable to Valda R. Crowder at P.O. Box 29670 Washington DC 20017-9670 (or at such other place as Landlord may from time to time designate) without deduction, deductions or demand and said obligation to pay rent is independent of any other clause herein. Failure to pay said rent at the time specified will constitute default and the Landlord may avail himself of any remedy afforded him under the terms

*See* Ex. A, p. 1.

However, the Lease also provides that in the event that if the Tenants remained in possession of the Property at the expiration of the Lease, that the tenancy shall be deemed to be a monthly tenancy, which either party may terminate by providing thirty days' written notice:

> 18. Hold Over: After the expiration of the term of this agreement, if Tenant remains in possession, the tenancy shall be deemed to be a monthly tenancy and Tenant hereby agrees to pay same monthly rental thereafter as due during the last month of the term of this agreement or such increased monthly rental for which Landlord or Agent from time to time has provided to Tenant not less than thirty (30) days written notice in advance of the rental due date. Tenant shall keep and fulfill all the other conditions, covenants and terms of this agreement throughout the monthly tenancy. In so continuing, Landlord reserves the right to re-negotiate new terms and conditions at any time and to require Tenant to enter into a new lease agreement and refusal by Tenant shall constitute a breach of this condition. It is agreed that the monthly tenancy created can be terminated by either party giving the other party not less than a full thirty (30) days written notice to expire on the day of the month from which the tenancy commenced to run.

*Id.* at p. 7.

**<u>Tenants remain in possession of the Property. BANA hereby provides notice that BANA is terminating the Lease effective thirty days from April 18, 2016. BANA demands that Tenants and all Occupants vacate the Property by May 18, 2016, or BANA shall initiate eviction proceedings, pursuant to the laws of the District of Columbia.</u>**

Very truly yours,

Joseph J. Patry

Enc. (as noted).

   

**RENTAL - Lease Agreement for Single Family Homes, Townhouses or Condominiums or Cooperatives**

(For use in Washington, DC)

DO NOT USE THIS FORM FOR ANY APARTMENT BUILDING UNITS

**Pursuant to Section 35 of the Lease form, you must provide to the tenant a copy of the following provisions of the Housing** *Regulations of the District of Columbia Chapter 3; Chapter 1, Section 101 and Section 106.*

**USE THIS SECTION ONLY FOR PROPERTIES EXEMPT FROM RENT CONTROL**

You must attach to the Lease a copy of the Claim of Exemption Form and Certificate of Registration/Exemption, both of which must bear the date stamp of the Rental Accommodations and Conversion Division showing that they have been filed with that office. IF YOU DO NOT HAVE THESE DOCUMENTS OR THE LANDLORD IS NOT ABLE TO PROVIDE YOU WITH THESE DOCUMENTS, DO NOT USE THIS LEASE FORM.

TENANT ACKNOWLEDGES THAT, PRIOR TO EXECUTION OF THIS LEASE BY TENANT, LANDLORD HAS ADVISED TENANT THAT, PURSUANT TO SECTION 205 OF THE DISTRICT OF COLUMBIA RENTAL HOUSING ACT OF 1985, RENT INCREASES FOR THE PREMISES ARE NOT REGULATED BY THE RENT STABILIZATION PROGRAM (I.E., RENT CONTROL PROGRAM) OF THAT ACT, AND THAT THE PREMISES ARE EXEMPT FROM SAID RENT STABILIZATION PROGRAM. THE TYPE OF RENT CONTROL EXEMPTION APPLICABLE TO THIS PREMISES IS AS FOLLOWS AND A COPY OF THE EXEMPTION FORM AND CERTIFICATE OF REGISTRATION EXEMPTION, BOTH DATE STAMPED AS RECEIVED BY THE RENTAL ACCOMMODATIONS AND CONVERSION DIVISION, ARE ATTACHED TO THIS LEASE AND ARE DELIVERED TO TENANT (CHECK AS APPLICABLE):

A. ☒ Unit whose owner(s) hold and operate four (4) or fewer rental units.
B. ☐ Unit owned or subsidized by the District of Columbia or the Federal Government.
C. ☒ Building constructed after DECEMBER 31, 1975.
D. ☐ Building continuously vacant and not subject to rental agreements since January 1, 1985.
E. ☐ Building previously exempted under §206(a)(4) of the Rental Housing Act of 1980 (D.C. Law 3-131).
F. ☐ Building for which a Building Improvement Plan has been executed under the Apartment Improvement Program or other DHCD multi family assistance programs.

THIS LEASE, made September 20th, 2007 between Valda R. Crowder (as Agent for) Landlord (hereinafter referred to as "Landlord" or "Landlord/Agent") and Roderick Blair and Paul Mauchia (hereinafter referred to as "Tenant"). WITNESSETH, that the Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord, premises known as 5721 Potomac Ave NW Washington DC, for the term of 3yrs. beginning on the first day of October 2007 and ending on the last day of September 2008 at a total rent of $36,000.00, payable in equal monthly installments of $1,000.00 in advance on the first day of each and every month ("Rent Due Date") of said lease term. The "Rent Due Date" is intended to fall within the lease term. If this Lease commences on a day other than the first of the month, the amount of rent to be paid for the balance of said first month will be apportioned pro rata; thereafter rent will be paid on the first day of the month as aforesaid. Tenant agrees to pay rent payable to Valda R. Crowder at P.O. Box 29670 Washington DC 20017-9670 (or at such other place as Landlord may from time to time designate) without diminution, deductions or demand and said obligation to pay rent is independent of any other clause herein. Failure to pay said rent at the time specified will constitute default and the Landlord may avail himself of any remedy afforded him under the terms

©2004, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.



of this Lease and/or applicable law. All sums of money or other charges, including payments and/or repairs, required to be paid by Tenant to Landlord/Agent or to any other person under the terms of this Lease, whether or not the same be designated "rent" or "additional rent", will be deemed rent and will be collectible as such. Landlord/Agent shall furnish to Tenant a receipt for all cash or money orders paid by Tenant to Landlord/Agent for rent, security deposit or otherwise.

1. Pro Rata. It is understood and agreed that Tenant is to commence occupancy of the premises on the ______ day of ______ Tenant is to pay the sum of $______ as a "Pro-Rata" rent through the ______ day of ______ N/A

2. Service Charges. If any installment of rent is not received at the address under the above section within 15 days from the due date Tenant covenants and agrees to pay a Late Fee in the sum of $ 25 . It is further understood that the late period is NOT a grace period, and the rent is due and payable on the 1st day of each month. Tenant further agrees to pay a handling charge of $ 25 for each check returned by the bank for insufficient funds or any other reason. Landlord or Agent may require any and all payments to be made in cash, money order or certified funds.

3. Joint Liability. Each tenant joining herein shall be jointly and severally responsible to Landlord for full performance under each and every covenant and condition of this Agreement and for compliance with applicable law.

4. ~~Sublet/Assignment. Tenant must not assign this Lease or sublet the premises or any portion thereof, or transfer possession, or occupancy thereof, to any other person or persons without the prior express written consent of the Landlord/Agent, which consent must not be unreasonably withheld, provided that the prospective assignee or subtenant satisfies established standards set forth by Landlord for all prospective tenants including, but not limited to, a credit check, rental and employment references and Tenant's payment of $______ service charge, defraying Landlord's expenses incidental to processing the application and amending the lease for assignment or subtenancy. In the case of subletting, Tenant may be held liable for any breach of this Lease by subtenant.~~ See Attachment

5. Usage. Tenant will use said property solely as a single family residence for 4 (Four) persons, including children, and for no other purpose or additional number of persons whatever, except temporary guests, without prior written consent of Landlord. Temporary guests are those persons who occupy the premises for no more than two weeks during any twelve (12) month period. Tenant shall conduct themselves and require other persons on the premises, whether known by the Tenant or not, to conduct themselves in a manner that will not disturb Tenant's neighbors' peaceful enjoyment of their premises, and Tenant further covenants and agrees that he will not use nor permit said premises to be used for any improper, illegal or immoral purposes, nor will Tenant use, permit, or suffer the same to be used by any person or persons in any noisy, dangerous, offensive, illegal or improper manner. The following persons, and no others, are authorized by Landlord to reside within the premises:

Roderick Blair + Paul Maucha

Jamescheri

Daughter (17 y.o.)

FOR CONDOMINIUMS/COOPERATIVES ONLY: Tenant hereby represents to Landlord that Tenant and all occupants of the premises shall become informed of and knowledgeable about all rules, notices, bylaws and regulations now or hereafter promulgated by the Condominium/Cooperative association and management company governing the premises, the Condominium/Cooperative of which the premises are a part, and any common areas, facilities and parking areas thereof. Tenant agrees to fully and promptly abide by, and to cause all occupants of the premises to fully and promptly abide by, all such rules, notices, bylaws and regulations to the extent the same affect Tenant, the premises, such common areas, such facilities, such parking areas, or the Landlord's obligations with respect to the premises, such common areas, such facilities or such parking areas. Failure by Tenant or any such occupant to comply with any such rules, notices, bylaws or regulations shall be a breach of this Lease by Tenant. In addition to the rights of Landlord under this Lease and at law or in equity in the event of any such breach by Tenant, the Condominium/Cooperative association of the Condominium/Cooperative shall have the right and authority to bring legal action and/or equitable action against Tenant and/or such occupant(s) for such failure to comply with such rules, notices, bylaws, or regulations and to enforce the same against Tenant and/or such occupant(s) as the Condominium/Cooperative association's governing documents may allow.

6. Possession. In the event that Landlord is unable to deliver possession of the premises at the commencement of the tenancy, Landlord agrees to use whatever efforts are, in his determination, reasonable to secure possession of the premises for Tenant, including the recovery of possession as against a former occupant wrongfully holding over, but in no event shall Landlord, Agent or the manager of the premises be liable to Tenant for any delay in possession. Notwithstanding the provisions of the foregoing sentence,

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

RBL

Tenant shall have no responsibility to pay rent for the time elapsing from the beginning of the term of this Lease until the premises are available for occupancy by Tenant.

7. Pets: Tenants who are permitted to have pets agree to pay the cost of having the demised premises de-fleaed and de-ticked by a professional exterminator, and if carpeted, the carpeting shampooed and deodorized by a professional cleaner (at the Landlord's choosing), at the termination of occupancy to the satisfaction of landlord/Agent. Tenant to supply receipt of work performed. Tenant further agrees to pay for any and all damages caused by pets to the premises. Tenant is authorized to have pets:

☐ Yes ☒ No # ALLOWED ______

TYPE OF PET(S) ____________________ WEIGHT ________

8. Acceptance: Tenant acknowledges that he has examined the premises and his acceptance of this Lease is conclusive evidence that said premises are in good and satisfactory order and repair unless otherwise specified herein; Tenant agrees that no representations or warranties as to the condition of the premises have been made, and that no other agreement has been made to redecorate, repair or improve the premises unless hereinafter set forth specifically in writing. Landlord will deliver the premises and all common areas in a clean, safe and sanitary condition, free of rodents and vermin and in a habitable condition.

9. Maintenance: Tenant shall keep all parts of the premises in a state of good order and condition and shall surrender the same at the expiration of the term hereof in the same good order in which they were received, reasonable wear and tear excepted. Tenant shall provide for and be responsible for the following items which have a check mark or "X" in the space provided.
(CHECK AS APPLICABLE):

no

- ☒ the replacement of furnace and air conditioning filters, light bulbs, batteries in smoke detectors and fuses;
- ☐ proper cleaning of carpeting, if any, and for proper cleaning and paste waxing of any wooden floors;
- ☒ ~~keeping up, preserving in good condition, and keeping trimmed any lawn, trees, vines, shrubbery and gardens;~~
- ☒ removing leaves, sticks and other debris that accumulates on the property;
- ☐ promptly removing ice and snow as necessary;
- ☐ keeping gutters, downspouts and exterior drains cleaned and cleared of leaves and other debris.

Any repairs or replacements of property, equipment, or appliances necessary due to the negligence by acts of commission or omission of Tenant, his family, guests or employees, shall be paid by Tenant. Tenant will not place any heavy structures, furniture items or other such articles in the premises, including, but not limited to, water beds, without the prior written consent of Landlord. No items or equipment of any nature, including bicycles, motor bikes, and/or motorcycles, will be housed in front of premises, on porches or patios, in public halls, stairways, corridors or fire escapes. No items or impediments are to be placed in the windows, upon ledges, balconies, or balcony rails. Tenant additionally covenants and agrees as follows: To comply with the responsibilities imposed on Tenant by Chapter 8 of the Housing Regulations of the District of Columbia, and any amendments thereto; to keep that part of the premises which Tenant occupies and uses as clean and sanitary as the conditions of the premises permit; to dispose from Tenant's dwelling unit all rubbish, garbage, and organic or flammable waste, in a clean, safe and sanitary manner; to keep all plumbing fixtures as clean and sanitary as their condition permits; to properly use and operate all electrical, gas, plumbing and heating fixtures and appliances; and not to permit any person on the premises with Tenant's permission to willfully or maliciously destroy, deface, damage or remove any part of the structure or dwelling unit or the facilities, equipment, or appurtenances thereto, nor himself do any such thing.

In order to limit the level of noise which can be generated by bare flooring, Tenant agrees to install carpeting or rugs with pads on 80% of the floor area within the enclosed leased space, in order to effectively reduce such sounds and/or disturbances.

If Tenant is inadvertently locked out, Tenant agrees to call a licensed locksmith to give provide access to the property. If a professional locksmith is necessary, Tenant agrees to pay any charges incurred at the time access is given. If the lock must be re-keyed, Tenant agrees to provide the new key to the Landlord or Agent, whichever is managing the property, within 24 hours.

10. Notification Tenant shall promptly notify Landlord or Agent of any defect, problems, or needed repairs, but shall not order such repairs on or about the premises without prior written approval from the Landlord, which shall not be unreasonably withheld. Any unauthorized repairs shall be at Tenant's expense and liability. Tenant hereby expressly agrees to limit or restrict any activity on the premises which could cause further damage or injury as a result of defect, problem or needed repair, until such time or as proper corrective action can be taken.

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

11. Vehicle Parking No automobile, truck, motorcycle, trailer or other such vehicle shall be parked on the property without current license plates and said vehicles must be operational. Licensed vehicles may be parked only in garages, driveways, if provided, or in the street. Tenant must adhere to any applicable Homeowner's Association restrictions regarding vehicle parking.

**FOR CONDOMINIUMS/COOPERATIVES ONLY:**

☐ (a) In addition to the premises, Landlord hereby leases to Tenant, and Tenant hereby leases from Landlord, Parking Space No. ______ at the Condominium/Cooperative, for the same term as is applicable hereunder to the premises, for the sole and exclusive use of Tenant. Tenant shall have no right to assign, sublease or permit others to use said parking space. Rent for said parking space shall be:

______ included in the rent payable for the premises hereunder.

______ payable by Tenant to Landlord monthly, in the amount of $______________, as additional rent hereunder in addition to the rent for the premises, on the same date each month as the rent for the premises is due hereunder, and the provisions of Paragraph 2 hereof shall apply to such payments.

☐ (b) This Lease does not confer upon Tenant any right to the use of any parking facilities at the Condominium/Cooperative or any parking space owned by Landlord or assigned to the Condominium/Cooperative unit constituting the premises.

12. Trash Removal/Recycling All garbage and trash must be placed by Tenant in suitable covered containers, and deposited appropriately for regular pick-up and removal. Tenant will abide by all local laws and regulations concerning the separation, special pick-up and removal of recyclables. Any municipal fines incurred for failure to comply with said laws will be promptly paid by Tenant and Tenant will furnish a receipt of payment to Landlord.

**FOR CONDOMINIUMS/COOPERATIVES ONLY:** All garbage and trash must be placed by Tenant in suitable covered containers, supplied by Tenant (unless supplied by the Condominium/Cooperative association), and deposited appropriately for regular pick-up and removal, or, if required by the Condominium/Cooperative or management thereof, shall be placed by Tenant in trash chutes or in a trash room in accordance with the rules and regulations of the Condominium/Cooperative.

13. Utilities: Tenant is obligated to pay for the following utilities in addition to the rent payable hereunder:

☐ WATER/SEWER ☐ GAS ☐ ELECTRICITY ☒ OTHER Cable and phone ☐ NONE

Tenant shall make all the necessary deposits in connection therewith and promptly pay when due all bills for the aforesaid utilities. Tenant shall use reasonable care in conservation of utilities not chargeable to Tenant. If any or all of aforesaid utilities are not separately metered, Landlord or Agent will equitably apportion the utility in a manner of Landlord or Agent's choosing. This apportioned amount is due and payable to coincide with rent due and is subject to the same late penalties as rent due. Tenant will not bring into use any articles in the premises that will exceed the floor load capacity thereof or overload the gas, electric or water/sewer capacities thereof or install any major appliances which create excess usage of any utilities that are chargeable to Tenant or to Landlord or to the Condominium/Cooperative, if applicable. Tenant shall be liable for any and all damage to the premises that may result from the failure, either overt or intentional, by Tenant to set the thermostat (if any) at such temperature as will insure that no plumbing or heating equipment freezes. Neither Landlord, Agent the Condominium/Cooperative (or any board of directors, officers, unit owners association or agents thereof), or the property manager shall be liable in any manner for failure, interruption, or stoppage of gas, electricity and/or water at any time.

14. Alterations: Tenant shall obtain written permission from Landlord before redecorating and shall not make any alterations, additions, or improvements to the premises without first obtaining Landlord's written consent. Such alterations, etc. shall, at the option of Landlord, remain with the property or be removed by Tenant and premises returned to its original condition at the commencement of the original lease term, at the expense of Tenant. Tenant will not change the existing locks of the premises or install additional locks without prior written consent of the Landlord. If said consent is granted, Tenant will furnish Landlord or the property manager with a full set of working keys. Failure to provide a set of keys to the changed or additional locks will result in Landlord replacing said locks at Tenant's expense.

15. Access: Tenant shall allow Landlord/Agent, the Condominium/Cooperative (if applicable) and/or their duly designated representative to have access to said premises at any time without notice or warning in case of emergency, or in the event of fire or

©2006, Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

other property damage, or with reasonable notice for the purpose of inspection; or for the purpose of making any repair Landlord or Agent considers necessary or desirable.

16. Notice of Absence: Tenant shall give Landlord notice of an anticipated extended absence of Tenant from the property in excess of seven (7) days. During any such absence of Tenant, Landlord/Agent may enter the property at times reasonably necessary to protect the property and any possessions of Landlord on or in the property.

17. Insurance: Tenant will do nothing and permit nothing to be done on or about the premises which will contravene any fire or casualty insurance policy covering the same.

18. Smoke Detectors: Landlord shall maintain, in an operable condition, all required fire alarm systems. Landlord shall install smoke detectors and comply with the requirements of the Smoke Detector Act of 1978 (D.C. Law 2-81).

19. Personal Property: To the fullest extent permitted by the Housing Regulations of the District of Columbia and by applicable law: All personal property belonging to tenant in said premises shall be and remain at Tenant's sole risk, and neither Landlord nor Agent nor the Condominium/Cooperative, if applicable, (including the board of directors, officers, unit owners association and agents thereof), shall be liable for any damage to or loss of such personal property arising from any acts of negligence of any other persons nor from the leaking of the roof, or from the bursting, leaking or overflowing of water, sewer or steam pipes, or from heating or plumbing fixtures, or from electric wires or fixtures, or from Buffalo Moths or termites, or from any other cause whatsoever, nor shall the Landlord or Agent be liable for any injury Tenant, occupants, guests, invitees, or other persons in or about said premises; Tenant expressly agreeing to hold Landlord and Agent harmless in all such cases; provided, however, that the foregoing shall not exempt Landlord or Agent from liability for damages caused by or resulting from Landlord's or Agent's own negligence in the operation, care or maintenance of the premises. IT SHALL BE THE RESPONSIBILITY OF THE TENANT TO OBTAIN AN INSURANCE POLICY WHICH PROVIDES PUBLIC LIABILITY COVERAGE AND ALSO PROVIDES FOR THE PROTECTION OF TENANT'S PERSONAL PROPERTY.

FOR CONDOMINIUM/COOPERATIVE ONLY: Tenant expressly agrees to save Landlord, Agent and the Condominium/Cooperative (including the board of directors, officers, unit owners association and agents thereof) harmless in all such cases; provided, however, that the foregoing shall not exempt Landlord, Agent or the Condominium/Cooperative from liability for damages caused by or resulting from Landlord's, Agent's or the Condominium/Cooperative's own negligence in the operation, care or maintenance of the premises.

20. Indemnification: Tenant shall indemnify Landlord and Agent against all liabilities, expenses, and losses incurred by Landlord or Agent as a result of (a) failure by the Tenant to perform any covenant required to be performed by the Tenant hereunder; (b) any accident, injury, or damage which shall happen in or about the premises or appurtenances, or on or under the adjoining streets, sidewalks, curbs, or vaults, other than such accident, injury, or damage as is caused by Landlord's or Agent's own negligence; (c) Tenant's failure to comply with any requirements of any governmental authority; and (d) any mechanics lien, or security agreement, filed against the premises or the property on which it is located, any equipment therein, or any materials used in the construction or alteration of any building or improvement thereon, which arises from work or services performed by or for Tenant.

21. Security Deposit: Landlord hereby acknowledges receipt of the sum of $ 1,000.00 (an amount not to exceed the first full month's rent) which is to be retained as a security deposit for the performance by Tenant of all covenants, conditions and terms of this Lease, to be held and deposited in accordance with the applicable provisions of the Housing Regulations of the District of Columbia. Landlord shall not be obligated to apply the same on rent or other charges and arrears or on damages for Tenant's failure to perform said covenants, conditions and terms, although Landlord may so apply the security at Landlord's option. Tenant's loss or Tenant's right to possession of the premises for nonpayment of rent or for any other reason shall not in any event be affected by reason of the fact that Landlord or Agent holds the security deposit. In the event Landlord repossesses said premises because of the Tenant's default or because of Tenant's failure to carry out the covenants, conditions and terms of this Lease, Landlord may apply such security on account of all damages suffered by reason of Tenant's default or breach.

Pursuant to the D.C. Housing Code, after a tenancy is terminated, Landlord has forty-five (45) days to return the deposit, or notify the Tenant in writing of his or her intention to withhold and apply the monies toward expenses incurred under the terms and conditions of this lease. If Landlord elects to apply the security deposit to monies owed by the Tenant to the Landlord, either for rent, additional rent, or damages, then Landlord shall notify Tenant that he/she intends to withhold the deposit and Landlord has thirty (30) days, from the date the Tenant was first notified, to refund the balance of the deposit that was not used to pay costs of expenses incurred, and at the same time must provide Tenant with an itemized statement, including costs, of the repairs for which the money was spent.

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

All utility services in the premises shall be ordered disconnected and all final bills paid by Tenant, with proof of receipts, before any part of the security deposit will be returned. Interest shall be paid or credited Tenant in accordance with the provisions of said Housing Regulations. NO PORTION OF SAID DEPOSIT SHALL BE USED BY TENANT FOR ANY PAYMENT OF ANY RENT DUE.

In the event of a sale of the property upon which the premises are situated or the transfer or assignment by the Landlord/Agent of this Lease, the Landlord/Agent has the obligation to transfer the security deposit to the transferee. After the transfer is made and after written notice of same is given to the Tenant with the name and address of the transferee, Landlord/Agent is released from all liability for the return of the security deposit and the Tenant must look solely to the new Landlord/Agent for the return of his security deposit. It is agreed that the foregoing will apply to every transfer or assignment made of the security deposit to a new Landlord/Agent. In the event of any rightful or permitted assignment of this Lease by the Tenant to any assignee or sublessee, the security deposit is deemed to be held by the Landlord/Agent as a deposit made by the assignee or sublessee and the Landlord/Agent will have no further liability with respect to return of such security deposit to the assignor.

The Landlord, or Landlord's estate, but not the managing agent or court appointed receiver, shall remain liable to the Tenant for the maintenance of the security deposit as required by law.

22. Termination: Tenant hereby expressly agrees:
(a) that violation of any of the terms and conditions of this Lease, shall be sufficient cause for termination at the option of Landlord;
(b) that this Lease may be terminated at the option of Landlord in case of commission of any nuisance on premises, boisterousness or any other excessive noise, or any other conduct offensive to any other occupant of building or neighborhood, including any violation of police regulations;
(c) that if the premises, or any part thereof, is taken by eminent domain, this Lease shall expire on the date when the premises shall be so taken, and the rent shall be apportioned as of that date, and no part of any award shall belong to Tenant;
(d) that in the event Tenant is adjudicated a bankrupt or makes an assignment for the benefit of his creditors, this Lease shall, at the option of Landlord, cease and determine and said premises shall be surrendered to Landlord, who hereby reserves the right, in either of said events, to forthwith reenter and repossess said premises;
(e) In the event the Premises are destroyed or rendered wholly untenantable by fire, storm, earthquake, or other casualty not caused by the negligence of Tenant, this Agreement shall terminate from such time except for the purpose of enforcing rights that may have then accrued hereunder. The rental provided for herein shall then be accounted for by and between Landlord and Tenant up to the time of such injury or destruction of the Premises, Tenant paying rentals up to such date and Landlord refunding rentals collected beyond such date. Should a portion of the Premises thereby be rendered untenantable, the Landlord shall have the option of either repairing such injured or damaged portion or terminating this Lease. In the event that Landlord exercises its right to repair such untenantable portion, the rental shall abate in the proportion that the injured parts bears to the whole Premises, and such part so injured shall be restored by Landlord as speedily as practicable, after which the full rent shall recommence and the Agreement continue according to its terms.;
(f) that in order to protect the premises and grounds, it is expressly agreed by Tenant that failure of parents, the members of the family, or agents, invitees, and employees of the Tenant, to prevent violations of the provisions of the Lease will constitute a breach of this Lease Agreement as if such violations of its terms had been committed by the Tenant himself.

23. Notice to Quit: Tenant hereby expressly agrees that that if proceedings shall at any time be commenced for recovery of possession as aforesaid and compromise or settlement shall be effected either before or after judgment whereby Tenant shall be permitted to retain possession of said premises, then such proceedings shall not constitute a waiver of any condition or agreement contained herein or of any subsequent breach thereof or of this agreement. Provided always, that if Tenant shall fail to pay said rent in advance as aforesaid, although there shall have been no legal or formal demands made, or desert or leave the premises vacant for a period of thirty (30) days, or break or violate any of the within covenants, conditions or agreements, then and in any of said events, this agreement and all things herein contained, shall, at the option of the Landlord, cease and shall operate as a Notice to Quit. TENANT HEREBY EXPRESSLY WAIVES ANY NOTICE TO QUIT OR NOTICE TO VACATE IN THE EVENT SUCH TERMINATION IS FOR NONPAYMENT OF RENT. Landlord may proceed to recover possession of said premises under and by virtue of the proceedings between landlords and tenants, and when such possession is obtained Landlord may re-rent the premises at the risk and cost of the defaulting Tenant, whose default in no instance shall relieve him of liability for the difference between the rent herein reserved and the rent actually received by Landlord during the term remaining after such default occurs;

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

24. Attorneys' Fees: If Tenant shall default in the performance of any covenant or condition or this lease required to be performed by Tenant, Landlord, at his option, may, after thirty (30) days notice to Tenant, or without notice if in Landlord's opinion an emergency exists, perform such covenant or condition for the account and at the expense of Tenant. If Landlord shall incur any expense, including reasonable attorney's fees, in instituting, prosecuting, or defending any action or proceeding instituted by reason of any default of Tenant, Tenant shall reimburse Landlord for the amount of such expense, as awarded by the court. Should Tenant, pursuant to this Lease, become obligated to reimburse or otherwise pay Landlord any sum of money in addition to the specific rent, the amount thereof shall be deemed additional rent and may, at the option of Landlord, be added to any subsequent installment of the specific rent due and payable under this Lease, in which event Landlord shall have the remedies for default in the payment thereof provided by this Lease. The provisions of this paragraph shall survive the termination of this Lease

25. Hold Over: After the expiration of the term of this agreement, if Tenant remains in possession, the tenancy shall be deemed to be a monthly tenancy and Tenant hereby agrees to pay same monthly rental thereafter as due during the last month of the term of this agreement or such increased monthly rental for which Landlord or Agent from time to time has provided to Tenant not less than thirty (30) days written notice in advance of the rental due date. Tenant shall keep and fulfill all the other conditions, covenants and terms of this agreement throughout the monthly tenancy. In so continuing, Landlord reserves the right to re-negotiate new terms and conditions at any time and to require Tenant to enter into a new lease agreement and refusal by Tenant shall constitute a breach of this condition. It is agreed that the monthly tenancy created can be terminated by either party giving the other party not less than a full thirty (30) days written notice to expire on the day of the month from which the tenancy commenced to run.

26. Permission to Show: Tenant will permit Landlord or Agent to post a "For Rent" sign, along with a keybox to the main entrance for prospective tenants and agents' access, and to show said premises at reasonable hours to prospective tenants during the last 30 days of the term herein. ~~If the premises is put on the market for sale during the tenancy, Tenant will permit Landlord or Agent to post a "For Sale" sign, a keybox, and permission to show. If Tenant refuses to allow access to Landlord or Agent as provided above, such refusal shall be a breach of this Lease and Landlord may obtain injunctive relief to compel access or may terminate this Lease, and bring an action for possession and damages sustained, including re-letting costs.~~ See Attachment

Tenant shall not give less than 30 days written notice to vacate, to coincide with the end date of the Lease Agreement, or any extension thereof. Said notice must be received by Agent, if Agent is managing the property, or by Landlord, if Landlord is managing property, by the first day of the month of which the Tenant is to vacate 30 days later.

27. Surrender: Tenant will, upon termination of this Lease, surrender the premises and all fixtures and equipment of the Landlord therein in good, clean, and operating condition, ordinary wear and tear excepted. Utilities shall be disconnected and all final bills paid. Utilities and proof of receipts provided by Tenant. Tenant shall, at time of vacating the premises:

a. Clean said premises and remove trash from the premises.
b. If the premises is rented with wall-to-wall carpet or rugs, then Tenant, at the termination of this Lease, will shampoo and clean said rug or carpet prior to vacating the premises.
c. Upon vacating the premises, Tenant shall deliver all keys thereto to the Landlord or Agent managing the premises within twenty-four (24) hours after vacating. Failure to comply will be cause to charge Tenant for changing locks.
d. Tenant will be responsible for any damages to walls or woodwork including but not limited to those resulting from the use of picture hooks, cup hooks, nails, or screws and said Tenant agrees to repair all holes and damage made in walls and woodwork, etc. at his expense. Tenant will return all floors cleaned and waxed and in the same condition as received. Tenant is responsible for any damage to the floors due to water stains.
e. If premises were delivered at beginning of tenancy with windows washed at expense of Landlord, premises shall be returned in same clean condition at end of tenancy.
f. Any property which is left on the premises at the end of tenancy shall be considered to be abandoned by Tenant and shall, at Landlord's option, become Landlord's property and Landlord may dispose of it without liability.

Any of the above items not completed by Tenant will be completed by Landlord, and Tenant will be charged accordingly.

28. Subordination: This Lease is and will be subject and subordinate at all times to the lien of any mortgage(s) or deed(s) of trust now or hereafter covering the demised premises and to all renewals, modifications, consolidations, replacements and/or extensions thereof. Tenant agrees to execute any documents required to effect such subordination.

The Tenant agrees to execute promptly any documents(s) which the Landlord or lenders(s) may request with respect thereto. In the event that the Tenant fails to do so, the Landlord or the lenders(s), the Landlord will have the right and is hereby authorized to execute on behalf of the Tenant any such document(s). Landlord shall have the right to assign any or all his rights under this Agreement at any time. Tenant agrees to become a tenant to any subsequent owner of the Property.

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

FOR CONDOMINIUM/COOPERATIVES ONLY: This Lease shall be subject and subordinate to the Condominium/Cooperative documents and by-laws establishing the Condominium/Cooperative and to the lien of all existing and future mortgages placed on the premises and the building, common elements, and property of which the premises are a part, and Tenant agrees to execute any and all additional agreements that are required to so subordinate this Lease.

29. Military Clause: In the event Tenant is a member of the Armed Services and on active duty at the time Tenant enters into this lease, and Tenant subsequently receives permanent change of station orders or temporary change of station orders for a period in excess of 3 months, Tenant's liability to pay rent may not exceed: (1) 30 days' rent after written notice and proof of the assignment is given to the Landlord; and (2) the cost of repairing damage to the premises caused by the Tenant. This clause also applies to those persons who receive orders releasing them from military service.

30. Notices: All notices required or permitted herein shall be in writing and effective as of the date on which such notice is mailed in any United States Post Office by first class mail, postage prepaid, or hand-delivered to the Tenant at the premises address, to the Agent or Landlord at the addresses designated herein, or to such addresses as the parties may designate in writing from time to time.

31. Waiver of Breach: No failure by the Landlord to insist upon the strict performance of any term or condition of this Lease or to exercise any right or remedy available on a breach thereof, and no acceptance of full or partial rent during the continuance of any such breach shall constitute a waiver of any such breach or of any such term or condition. No term or condition of this Lease required to be performed by the Tenant, and no breach thereof, shall be waived, altered, or modified, except by a written instrument executed by Landlord. No waiver of any breach shall affect or alter any term or condition in this Lease, and each such term or condition shall continue in full force and effect with respect to any other then existing or subsequent breach thereof.

32. Unenforceable Clauses: All individual provisions, paragraphs, sentences, clauses, sections, and words in this Lease shall be severable and if any one or more such provision, section, paragraph, sentence, clause or word is determined by any court, administrative body, or tribunal, having proper jurisdiction, to be in any way unenforceable, or to be in any way violative of or in conflict with any law of any applicable jurisdiction, such determination shall have no effect whatsoever on any of the remaining paragraphs, provisions, clauses, sections, sentences, or words of this Lease.

33. Agency: The Landlord recognizes (Brokerage) N/A as the Agent negotiating this Lease and agrees to pay a leasing fee pursuant to a separate agreement. The Landlord hereby authorizes the Agent to deduct the said fee from the proceeds of rentals received by the Agent.

34. Truthfulness of Rental Application: The Rental Application submitted by Tenant has been an inducement for Landlord to rent the premises to Tenant. If any material facts in the Rental Application are untrue or if the premises are occupied by anyone other than Tenant and the persons as stated in the Rental Application, Landlord shall have the right to terminate this Lease, to hold Tenant liable for any damage to the premises, and to avail himself of all rights and remedies to which he may be entitled at law or equity.

35. Housing Regulations: Tenant acknowledges receipt from Landlord of a copy of the following provisions of the Housing Regulation of the District of Columbia: Chapter 1; Section 101; and Section 106.

36. Credit Report/Condominium/Cooperative Approval (If applicable): Tenant acknowledges and authorizes Agent to order and obtain a Consumer Report (credit report) from a Consumer Reporting Agency to be used in connection with the processing of this Lease. Tenant hereby also authorizes Agent to disclose to Landlord, or any other party involved in the Lease evaluation process, the credit information provided by the Consumer Reporting Agency.

For Condominiums/Cooperatives Only: If approval of this Lease or Tenant (or both) by the Condominium/Cooperative (or any board of directors, officers or agents thereof) is required, then (CHECK ONE AS APPROPRIATE AND STRIKE INAPPLICABLE PROVISION)

☐ Landlord states that such approval has been obtained. N/A

☐ Landlord shall promptly apply for such approval, and it is agreed that this Lease is contingent on Landlord obtaining such approval. Tenant shall cooperate with Landlord in connection with such application approval.

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.



Additional or special provision(s) in the attached addendum, bearing the signatures of all parties concerned are hereby made a part of this Lease. Addendum attached ☐ Yes ☐ No

THIS AGREEMENT is the entire agreement between the parties, and no modification or addition to it shall be binding unless signed by the parties hereto. The covenants, conditions, and agreements contained herein are binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and assigns, subject to restrictions herein on assignment and subletting by Tenant. Wherever the context so requires, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all other genders. The paragraph headings appearing in this lease have been inserted for the purpose of convenience and ready reference only. They do no purport to, and shall not be deemed to, define, limit or extend the scope of intent of the paragraphs to which they appertain. THIS IS A LEGALLY BINDING CONTRACT. IF YOU DO NOT UNDERSTAND ALL OF THE TERMS OF THE DOCUMENT, SEEK COMPETENT LEGAL ADVICE BEFORE SIGNING IT.

WITNESS the following signatures on the day and year first appearing above:

| | | | |
|---|---|---|---|
| Paul C Maura 9/20/07 | Date | Valda Cesdor 9/20/07 | Date |
| Tenant | | Landlord | |
| Roderine Blair 9/20/07 | Date | | Date |
| Tenant | | Landlord | |
| | Date | | Date |
| Tenant | | REALTOR® Firm | |
| | Date | By: | Date |
| Tenant | | Agent | |

Security Deposit Received: $ 1,000.00 From __________ On 9/20/07
Date

First Month's Rent Received: $ 24,000.00 (24) From __________ On 9/20/07
Date
Additional Rent Due as specified in Addendum

Pro-Rata Rent Received: $ ______ From __________ On ______
Date

☐ Guarantors: If box is checked, this Lease Agreement is subject to the signatures of the following individuals, who by their signing, are agreeing to be guarantors of the prompt and faithful performance of all of the obligations of Tenant under the Lease. Guarantors consent to the jurisdiction of the courts of the District of Columbia in any action arising under the Lease or this Guaranty and agree to service of process in the manner prescribed in the so-called Long Arm statute of the District of Columbia as from time to time amended or superseded. Guarantors have no right of occupancy under this Lease. All signatures must be notarized unless witnessed by Landlord/Agent.

Name of Guarantor

Address of Guarantor

Signature of Guarantor — Date

Name of Guarantor

Address of Guarantor

Signature of Guarantor — Date

©2006, Greater Capital Area Association of REALTORS® Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS® and is for use by members only.
Previous editions of this Form should be destroyed.

   

DEFT./RESP.
EXHIBIT 2
CASE#

# GENERAL ADDENDUM

Special provisions attached to and hereby made a part thereof, the Contract dated 9/20/07

on Lot 0062, Block 1452, Subdivision Palisades,

located in 5721 Potomac Ave NW Washington, DC between

Tenants (Purchasers) Roderick Blair + Paul Maucha

Landlord and (Sellers) Valda R. Crowder

1. Tenants paid $1,000 security deposit plus $24,000 (2 yrs rent) at time of lease signing by certified funds. First rent payment due October 1st ~~20~~ 2009.
2. Tenants have viewed interior of property and recognize that kitchen cabinets and wetbars are being renovated. Tenant agrees that when kitchen appliances + granite countertops are installed rent will automatically increase to $4,000/mth. For months prepaid tenant will only owe $3,000/mth. Rent increase will take effect 1st month after tenant signs that all repairs are complete.
3. Tenant is allowed to sublet as long as subletter has a minimum credit score of 600 and no criminal record.
4. Landlord and tenant agree that if property is put on the market for sale no lockbox or sign will be placed on property and tenants will be provided written notice 72 hrs prior to any showings. Tenant will not be required to provide entrance unless written notice received.
5. Tenant may renew lease by written notice 30 days prior to expiration at his discretion as long as all rents have been received on or before the 15th of each month.

[signature] 9/20/07
~~Seller~~ Landlord

Purchaser Tenants

[signature] 9/20/07
Seller Landlord

[signature] 9/20/07

Purchaser Tenants

Date

Date

© 1989, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

# Washington Express LLC || Order #2323277 Notification

Account Name: Blank Rome

Account #: [REDACTED]

Order Placed by: REDACTED

Order Number: 2323277

Vehicle Type: Car

Service Type: Regular

Ready Time: 4/18/2016 11:43:00 AM
*Courier will pick-up within 30 minutes of ready time for pre-scheduled deliveries.

Pieces: 4

Weight: 1

Authorization Code: REDACTED

2nd Authorization Code:

Pickup Address:
Blank Rome
600 New Hampshire Ave NW, Ground Fl
Washington, DC 20037
[REDACTED]

[REDACTED]

*{Please DO NOT remit payment from this delivery confirmation, THIS IS NOT AN INVOICE.}

Delivery Address:
James Clark & Roderick Blair
5721 Potomac Ave NW,
Washington, DC 20016

Signed By: Slipped @ Fr Door, 04/18/2016 13:43

# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204100*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:15 PM** to be served upon **Mr. Paul Maucha at 5721 Potomac Ave., NW, Washington, DC 20016**

I, **Stuart Macpherson**, swear and affirm that on **June 26, 2016** at **11:21 PM**, I did the following:

**POSTED** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit); Exhibits** by attaching a copy to the front door located at **5721 Potomac Ave., NW Washington DC 20016**. The attempt of service occurred:

| Date/Time | Address | Remarks |
|---|---|---|
| 06/24/2016-9:40 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Process server arrived at the address and encountered an unidentified male leaving the residence from the downstairs portion of the residence. Process server inquired if the subject resided at the address and the subject denied living at the residence and continued to walk away. The process server continued to walk behind the subject but the subject did not provide any additional information. The unidentified male was a white male in his late 40s to early 50s, 59", 160# and had long dark brown hair. Process server knocked on the front door and received no response and did not observe any activity from within other than a dog. Process server left a marker in the front door of the residence. |
| 06/25/2016-7:47 AM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed a dog and the marker that had been placed on the first attempt had been removed. |
| 06/26/2016-11:21 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed the patio door to have shattered glass. Process server also observed a black Lincoln Navigator SUV with DC tags EE6929 parked in the rear of the residence. Posted legal documents on the front door of the residence. |

On **06/27/2016**, a copy of the legal documents were mailed to the defendant, via first class mail.

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Stuart Macpherson
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID:204100

District of Columbia: SS
Subscribed and Sworn to before me
this 28 day of June, 2016

Tyler Walker, Notary Public, D.C.
My commission expires February 14, 2021



# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204102*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:16 PM** to be served upon **Mr. James Clarke at 5721 Potomac Ave., NW, Washington, DC 20016**

I, **Stuart Macpherson**, swear and affirm that on **June 26, 2016** at **11:21 PM**, I did the following:

**POSTED** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit); Exhibits** by attaching a copy to the front door located at **5721 Potomac Ave., NW Washington DC 20016**. The attempt of service occurred:

| Date/Time | Address | Remarks |
|---|---|---|
| 06/24/2016-9:40 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Process server arrived at the address and encountered an unidentified male leaving the residence from the downstairs portion of the residence. Process server inquired if the subject resided at the address and the subject denied living at the residence and continued to walk away. The process server continued to walk behind the subject but the subject did not provide any additional information. The unidentified male was a white male in his late 40s to early 50s, 59", 160# and had long dark brown hair. Process server knocked on the front door and received no response and did not observe any activity from within other than a dog. Process server left a marker in the front door of the residence. |
| 06/25/2016-7:48 AM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed a dog and the marker that had been placed on the first attempt had been removed. |
| 06/26/2016-11:21 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed the patio door to have shattered glass. Process server also observed a black Lincoln Navigator SUV with DC tags EE6929 parked in the rear of the residence. Posted legal documents on the front door of the residence. |

On **06/27/2016**, a copy of the legal documents were mailed to the defendant, via first class mail.

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Stuart Macpherson
Process Server

Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID:204102

District of Columbia: SS
Subscribed and Sworn to before me
this 28 day of June, 2016

Tyler Walker, Notary Public, D.C.
My commission expires February 14, 2021

TYLER WALKER NOTARY PUBLIC MY COMMISSION EXPIRES 2/14/2021 DISTRICT OF COLUMBIA

# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204101*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:16 PM** to be served upon **Mr. Roderick Blair at 5721 Potomac Ave., NW, Washington, DC 20016**

I, **Stuart Macpherson**, swear and affirm that on **June 26, 2016** at **11:21 PM,** I did the following:

**POSTED** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit); Exhibits** by attaching a copy to the front door located at **5721 Potomac Ave., NW Washington DC 20016**. The attempt of service occurred:

| Date/Time | Address | Remarks |
|---|---|---|
| 06/24/2016-9:40 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Process server arrived at the address and encountered an unidentified male leaving the residence from the downstairs portion of the residence. Process server inquired if the subject resided at the address and the subject denied living at the residence and continued to walk away. The process server continued to walk behind the subject but the subject did not provide any additional information. The unidentified male was a white male in his late 40s to early 50s, 59", 160# and had long dark brown hair. Process server knocked on the front door and received no response and did not observe any activity from within other than a dog. Process server left a marker in the front door of the residence. |
| 06/25/2016-7:49 AM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed a dog and the marker that had been placed on the first attempt had been removed. |
| 06/26/2016-11:21 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed the patio door to have shattered glass. Process server also observed a black Lincoln Navigator SUV with DC tags EE6929 parked in the rear of the residence. Posted legal documents on the front door of the residence. |

On **06/27/2016**, a copy of the legal documents were mailed to the defendant, via first class mail.

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.



**Stuart Macpherson**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID:204101

District of Columbia: SS
Subscribed and Sworn to before me

this 28 day of June, 2016

Tyler Walker, Notary Public, D.C.
My commission expires February 14, 2021



# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204103*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:16 PM** to be served upon **Daughter of Mr. Paul Maucha at 5721 Potomac Ave., NW, Washington, DC 20016**

I, **Stuart Macpherson**, swear and affirm that on **June 26, 2016** at **11:24 PM**, I did the following:

**POSTED** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit); Exhibits** by attaching a copy to the front door located at **5721 Potomac Ave., NW Washington DC 20016**. The attempt of service occurred:

| Date/Time | Address | Remarks |
|---|---|---|
| 06/24/2016-9:40 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Process server arrived at the address and encountered an unidentified male leaving the residence from the downstairs portion of the residence. Process server inquired if the subject resided at the address and the subject denied living at the residence and continued to walk away. The process server continued to walk behind the subject but the subject did not provide any additional information. The unidentified male was a white male in his late 40s to early 50s, 59", 160# and had long dark brown hair. Process server knocked on the front door and received no response and did not observe any activity from within other than a dog. Process server left a marker in the front door of the residence. |
| 06/25/2016-7:50 AM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed a dog and the marker that had been placed on the first attempt had been removed. |
| 06/26/2016-11:21 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed the patio door to have shattered glass. Process server also observed a black Lincoln Navigator SUV with DC tags EE6929 parked in the rear of the residence. Posted legal documents on the front door of the residence. |

On **06/27/2016**, a copy of the legal documents were mailed to the defendant, via first class mail.

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Stuart Macpherson
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID:204103

District of Columbia: SS
Subscribed and Sworn to before me
this 28 day of June, 2016

Tyler Walker, Notary Public, D.C.
My commission expires February 14, 2021



# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204184*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:16 PM** to be served upon **All Occupants at 5721 Potomac Ave., NW, Washington, DC 20016**

I, **Stuart Macpherson**, swear and affirm that on **June 26, 2016** at **11:20 PM**, I did the following:

**POSTED** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit)**; **Exhibits** by attaching a copy to the front door located at **5721 Potomac Ave., NW Washington DC 20016**. The attempt of service occurred:

| Date/Time | Address | Remarks |
|---|---|---|
| 06/24/2016-9:40 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Process server arrived at the address and encountered an unidentified male leaving the residence from the downstairs portion of the residence. Process server inquired if the subject resided at the address and the subject denied living at the residence and continued to walk away. The process server continued to walk behind the subject but the subject did not provide any additional information. The unidentified male was a white male in his late 40s to early 50s, 59", 160# and had long dark brown hair. Process server knocked on the front door and received no response and did not observe any activity from within other than a dog. Process server left a marker in the front door of the residence. |
| 06/25/2016-7:47 AM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed a dog and the marker that had been placed on the first attempt had been removed. |
| 06/26/2016-11:21 PM | 5721 Potomac Ave., NW Washington, DC 20016 | Received no response from within the residence. Process server observed no movement or activity from within the residence. Process server observed the patio door to have shattered glass. Process server also observed a black Lincoln Navigator SUV with DC tags EE6929 parked in the rear of the residence. Posted legal documents on the front door of the residence. |

On **06/27/2016**, a copy of the legal documents were mailed to the defendant, via first class mail.

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.



**Stuart Macpherson**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID:204104

District of Columbia: SS
Subscribed and Sworn to before me
this 28 day of June, 2016

Tyler Walker, Notary Public, D.C.
My commission expires February 14, 2021





Rcv'd 6/30/

# AFFIDAVIT OF PROCESS SERVER

**RE: Mr. Paul Maucha; Mr. Roderick Blair; Mr. James Clarke; Daughter of Mr. Paul Maucha; All Occupants**

Attorney: Joseph J. Patry

Blank Rome LLP (DC)
600 New Hampshire Ave., NW
Washington DC 20037

*204105*

Legal documents received by Same Day Process Service, Inc. on **06/24/2016** at **4:19 PM** to be served upon **District of Columbia Department of Housing and Community Development - Housing Regulation Administration - Rental Accommodations Division at 1800 Martin Luther King Jr., Ave, SE, 2nd Fl., Washington, DC 20020**

I, **Michael A. Coley**, swear and affirm that on **June 27, 2016** at **1:09 PM**, I did the following:

**NON-SERVED:** After careful inquiry and diligent attempts, I was unable to serve **District of Columbia Department of Housing and Community Development - Housing Regulation Administration - Rental Accommodations Division** the **Letter dated June 24, 2016 (RE: Five Day Notice to Quit); Exhibits** for the reason that I failed to find the subject or information as to the location of the subjects' whereabouts.

**Supplemental Data Appropriate to this Service:**

| Date/Time | Address | Remarks |
|---|---|---|
| 06/27/2016-1:09 PM | 1800 Martin Luther King Jr., Ave, SE, 2nd Fl. Washington, DC 20020 | Spoke to Christine McKeever at the DC Department of Housing and Community Development who stated that because the rental property is not registered with the Rental Accommodations Division that service would not be accepted. Ms. McKeever also provided the process server a RAD Form 10 that should be utilized when service the rental property in the future. - Attempted by Michael A. Coley |

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Michael Coley

Michael A. Coley
Process Server

Internal Job ID:204105

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

District of Columbia: SS
Subscribed and Sworn to before me
this 27th day of June, 2016

Robert Briggs-Snodgrass, Notary Public, D.C.
My commission expires April 14, 2020

ROBERT BRIGGS-SNODGRASS NOTARY PUBLIC DISTRICT OF COLUMBIA MY COMMISSION EXPIRES 4/14/2020



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage
WATERGATE POST OFFICE WASHINGTON DC 20037 JUN 24 2016 Postmark Here
Sent To Mr. James Clarke
Street, Apt. or PO Box 5721 Potomac Avenue NW
City, State Washington, DC 20016
PS Form 3800, August 2006 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
7007 2680 0001 3580 3947
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage
WATERGATE POST OFFICE WASHINGTON DC 20037 JUN 24 2016 Postmark Here
Sent To Mr. Paul Maucha
Street, Apt. or PO Box 5721 Potomac Avenue NW
City, State Washington, DC 20016
PS Form 3800, August 2006 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
7007 2680 0001 3580 3961
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage
WATERGATE POST OFFICE WASHINGTON DC 20037 JUN 24 2016 Postmark Here
Sent To Mr. Roderick Blair
Street, Apt. or PO Box 5721 Potomac Avenue NW
City, State Washington, DC 20016
PS Form 3800, August 2006 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
7007 2680 0001 3580 3978
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage
WATERGATE POST OFFICE WASHINGTON JUN 24 2016 Postmark Here
Sent To All Occupants
Street, Apt. or PO Box 5721 Potomac Avenue NW
City, State Washington, DC 20016
PS Form 3800, August 2006 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
7007 2680 0001 3580 3954
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage
WATERGATE POST OFFICE WASHINGTON JUN 24 2016 Postmark Here
Sent To Daughter of Mr. Paul Maucha
Street, Apt. or PO Box 5721 Potomac Avenue NW
City, State Washington, DC 20016
PS Form 3800, August 2006 See Reverse for Instructions